**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**UNITED STATES OF AMERICA**
Plaintiff

v.                                    **Criminal No. 15-410 (DRD)**

**Wilfredo Rodriguez-Rodriguez (1)**
Defendant

**OPINION & ORDER**

Wilfredo Rodriguez-Rodriguez ("Defendant") is currently charged with, *inter alia*, a pair of mail fraud charges under 18 U.S.C. § 1341.  *See* Docket No. 18.  In a terse two-page motion, Defendant now moves to dismiss these counts as the two underlying mailings referenced in the indictment purportedly fail to comply with the mail fraud statute.  *See* Docket No. 43.  Specifically, the defense claims that the mailings were not done "for the purpose of executing" or "in furtherance of" the alleged fraud.  *Id.* at p. 2. To be precise, Defendant asserts that the mailings "did not promote or help conceal the fraud or avoid its detection."  *Id.*  For the reasons set forth below, the motion to dismiss is hereby **DENIED WITHOUT PREJUDICE**.

**MOTIONS TO DISMISS**

"In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."  U.S. Const. amend. VI.  Honoring this sacred provision, the Federal Rules of Criminal Procedure state that "[t]he indictment . . . must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . ."  Fed. R. Crim. P. 7(c)(1).  Compliance with these fundamental provisions requires that "[a]n indictment . . . set forth each element of the

crime that it charges." *Almendarez-Torres v. United States*, 523 U.S. 224, 228 (1998) (citing *Hamling v. United States*, 418 U.S. 87, 117 (1974)); *see also United States v. Resendiz-Ponce*, 549 U.S. 102, 107 (2007).

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine **without a trial on the merits**." (emphasis added).  A motion to dismiss an indictment, either entirely or partially, "must be raised by pretrial motion **if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits**." (emphasis added).  Fed. R. Crim. P. 12(b)(3)(B)(v).

When evaluating a motion to dismiss an indictment or its counts, "[i]t should not be necessary to mention the familiar rule that, at this stage of the case, the allegations of the indictment must be taken as true." *Boyce Motor Lines v. United States*, 342 U.S. 337, 343 n. 16 (1951); *see also* 1A Wright, Liepold, Henning & Welling, Federal Practice and Procedure § 194, (4th ed., April 2015 Supplement) (collecting cases).  Further, "[w]hen reviewing a pleading for sufficiency, courts should consider the indictment in its entirety, . . . and should be guided by common sense and by practical rather than by technical considerations."  1 Wright, Liepold, Henning & Welling, Federal Practice and Procedure § 125, (4th ed., April 2015 Supplement) (collecting cases).

## LEGAL ANALYSIS

Before proceeding, the Court must emphasize the difficulties that arise when it is called upon to evaluate a pretrial motion to dismiss without being fully advised of the evidence that will eventually be presented at trial.  Of course, the Court is cognizant of the fact that the rules of disclosure in criminal cases frequently force reasonable

speculation from the defense until the Government's case in chief.  On the other hand, a motion to dismiss is not meant to be used as a discovery mechanism in order to undermine the applicable rules of disclosure.

With all of the aforementioned principles at the forefront, a denial is unavoidable at this early phase of the proceedings.  At best, Defendant asks that the Court, first, speculate as to the Government's evidence to be presented at trial and, second, rule that this hypothetical evidence would be insufficient to support either of the two mail fraud charges.  This request is premature and simply asks for more than the undersigned should give.

In the instant case, the Court has not been presented with all of the evidence, meaning that it would have to hold a preliminary trial to determine the competency and adequacy of the evidence, which is precisely what Rule 12(b) seeks to avoid.  "[C]ourts routinely rebuff efforts to use a motion to dismiss as a way to test the sufficiency of the evidence behind an indictment's allegations." *United States v. Guerrier*, 669 F.3d 1, 4 (1st Cir. 2011) (citing *United States v. Moore*, 563 F.3d 583, 586 (7th Cir. 2009); *United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006); *United States v. Salman*, 378 F.3d 1266, 1268 (11th Cir. 2004) (per curiam); *United States v. De Laurentis*, 230 F.3d 659, 660 (3d Cir. 2000); *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir. 1996); *United States v. Mann*, 517 F.2d 259, 267 (5th Cir. 1975)).  In fact, unless the Government makes a full proffer of the evidence they will present at trial, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." *Id.* (quoting *United States v. Alfonso*, 143 F.3d 772, 776-77 (2d Cir.

1998)) (internal quotations omitted).  There is no such proffer in the instant case nor is such a proffer required by the law.

Faced with this reality, the Court should not resort to conjecture as to the fact-intensive nature of these charges before the Government has shown its entire hand. Taking the allegations of the indictment as true (as it must) and considering that there are alternative factual scenarios (not discussed by the defense) that would result in legally sufficient mail fraud convictions, the Court is in no position to decide whether these challenged mailings are adequate at this time.

## CONCLUSION

At this time, the Court is simply not armed with the tools necessary to adequately determine whether these mailings were effectuated "for the purpose of executing" or "in furtherance of" the alleged fraud.  Thus, the Court must **DENY** the defense's two-page motion **WITHOUT PREJUDICE** at this early juncture of the proceedings.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 26th day of August, 2016.

*/S/ Daniel R. Domínguez*
DANIEL R. DOMÍNGUEZ
United States District Judge